John M. Keane, J.
Complaints are frequently heard about uncertainty in the law. In controversies, neither side is completely black nor completely white. In a controversy, the coloration generally has more of a grayish cast where the agreement in question is drawn somewhat differently from what one might ordinarily expect. Such is the situation here.
*184 This is an appeal from a pro forma order fixing the New York estate tax. Included as a taxable item was a parcel of real property valued at $25,000. The fiduciary appeals from this determination on the ground that the real property was not a part of the taxable estate.
On June 21, 1967 Helen B. Holden, the decedent, made an agreement with Jerrol J. and Alice C. Holden concerning the real property in question. The real property had a main house, a tenant house, and acreage.
Jerrol J. and Alice C. Holden agreed to leave their then residence and move into the tenant house as their residence before July 1, 1967. They were to perform errands and look in upon Helen B. Holden at least twice daily. Additionally, they were to pay all taxes, fire insurance premiums and maintenance on the entire property for a period ending with the death of Helen B. Holden. In the event of hospitalization or nursing home care, only the obligations about errands and looking in twice daily were to be suspended. Jerrol J. and Alice C. Holden could cancel the agreement at any time.
Helen B. Holden for her part agreed to direct her fiduciary to convey the premises after her death to Jerrol J. and Alice C. Holden or the survivor of them, without further consideration. Helen B. Holden could cancel the agreement only in the event of a breach, and then upon 10 days’ notice.
Jerrol J. and Alice C. Holden carried out their part of the agreement. Helen B. Holden became a resident in a nursing home in January, 1972 and resided there until her death September 27, 1973. In accordance with the agreement the property was conveyed by the fiduciary to Alice C. Holden as Jerrol J. Holden had already died.
The fiduciary argues that this property is not part of the taxable estate because of the aforesaid agreement. The State Tax Commission argues that the decedent retained sufficient control over the property so that it was subject to New York estate taxes.
To support his contention, counsel for the fiduciary has cited Matter of Bergan (1 US TC 543). In Bergan, two sisters, Miss Bergan and Mrs. Goggins, inherited equally from a third sister who died intestate leaving a substantial estate. By an oral agreement Miss Bergan agreed to keep $50,000 of her inheritance and transfer the balance to her sister, Mrs. Gog-gins, if Mrs. Goggins would take care of her the rest of her life. The estate was a New York estate.
*185 The property was transferred. Miss Bergan lived with her sister, Mrs. Goggins, until death occurred some six years later.
In the estate of Miss Bergan, the Internal Revenue Service sought to assess an estate tax on the property transferred to her sister, Mrs. Goggins. The court held that there had been a complete transfer, and the property was not subject to estate tax. It is for this point that counsel for the fiduciary cites the Bergan case.
In two significant aspects the Bergan case can be distinguished. First, there was a complete transfer of the assets in question to the transferee. The agreement made by Helen B. Holden did not constitute such a transfer. The second difference is a matter of degree. In the Bergan case, the transferee agreed to provide full support of the transferor. In the matter before this court, the obligations of Jerrol J. and Alice C. Holden were not that extensive.
The State Tax Commission argues that under section 954 of the Tax Law, with particular reference to section 2037 of the Internal Revenue Code which is included by reference, the real property is fully taxable. This section relates to transfers taking effect at death. The State Tax Commission contends that there could be no transfer by deed unless either Jerrol J. or Alice C. Holden survived. The agreement does not say this specifically, but in view of the obligations involved, such a conclusion can be inferred.
The court, however, believes that section 2036 of the Internal Revenue Code, included by reference to section 954 of the Tax Law, is the controlling section. This is the section relating to transfers with a retained life estate. Here the decedent, Helen B. Holden, had the right to live on the premises until her death. Her last period in a nursing home did not diminish the right she had. However, since she received consideration for the agreement, the value of the real property which is subject to estate tax must be reduced by the moneys expended and the value of the services rendered by Jerrol J. and Alice C. Holden.
Although the matter before the court involves the estate tax, an analogy from another area of the Real Property Law produces the same result. The agreement in this case does not fit into any particular pattern. It would seem most similar to a land contract where the contract vendor agreed to have her will forgive any balance due at the time of her death.
*186 Here Jerrol J. and Alice C. Holden carried out their terms of the agreement until the death of Helen B. Holden. Some of this involved actual payments of moneys and some involved personal services. In both instances, this would be similar to payments under a land contract. By the conveyance after death with no further consideration, it is similar to a bequest forgiving the balance due on a land contract. Such a bequest, of course, would be subject to estate tax.
The court does not have before it at the present time a monetary value of these expenses and services. The $25,000 value in the estate tax return must be reduced by the total expenses and services rendered by Jerrol J. and Alice C. Holden. The balance would be the taxable estate. An amended pro forma order fixing the tax would then be entered.
The appeal of the fiduciary will be granted to reduce the $25,000 value of the real property by the amount of expenses paid and value of the services rendered by Jerrol J. and Alice C. Holden. Upon notice the court will set a date to hear the evidence of the fiduciary in support of reducing the value of the real property by reason of the consideration given for the agreement. The court will then be able to enter an amended pro forma tax order.